FILED
SUPERIOR COURT
OF GUAM

2014 APR 28 AM 8:50

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,      )     CRIMINAL CASE No. CF 439-13
                             )
                             )
          v.             )     **DECISION AND ORDER**
                             )
ROBERT JESSE WRIGHT,     )
              Defendant.   )
_____)

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to dismiss his charge of simple stalking and charge of harassment were taken under advisement on March 13, 2014. The People are represented by Assistant Attorney General Teri C. Tenorio. Defendant is represented by attorney Delia S. Lujan Wolff. After reviewing and considering the memoranda and papers of the Parties and the file herein the Court hereby denies Defendant's motions to dismiss.

### BACKGROUND

The Defendant was indicted August 6, 2013, on four charges: 1) Simple Stalking, as a 3rd Degree Felony; 2) Family Violence, as a 3rd Degree Felony; 3) Harassment, as a Misdemeanor; and 4) Harassment, as a Petty Misdemeanor.

On January 24, 2014 Defendant filed three papers: 1) Motion to Dismiss or Alternatively Reduce to Misdemeanor; 2) Motion to Dismiss; and 3) Motion to Dismiss. He subsequently on January 28, 2014 filed a paper entitled, Amended Motion to Dismiss or Alternatively, to

ORIGINAL

Reduce to Misdemeanor and on February 14, 2014 filed a paper entitled Reply to Government's Non-Opposition to Oppositions to Motions to Dismiss.

The People filed their opposition on February 27, 2014. In it the People first assert that they were not served with Defendant's papers until February 20, 2014. The People opposition does not indicate that Defendant's second and third motions to dismiss were served on it.

In light of the Defendant's multiple motions, subsequent amended motion, and failure to provide proof any service upon the People of Defendant's second and third motions the Court on March 23, 2014, issued a decision and order disposing of Defendant's first motion and related amended motion. Defendant's amended motion did not clarify which of the three motions to dismiss he was moving to amend. In light of this and his non-response to the People's assertion of lack of service the Court did not address Defendant's second and third motions in its March 23, 2014 order.

On April 25, 2014, Defendant verbally asserted that his second and third motions to dismiss were still pending. Accordingly, they are hereby disposed.

**Motion to Dismiss Harassment Charge**

I.

On January 24, 2014, Defendant filed a motion to dismiss his first charge. In his motion Defendant argues that the People's first charge must be dismissed for its failure to properly instruct the grand jury. Defendant asserts that the People failed to provide the grand jury with the definition of harass as used in the definition of stalking as a third degree felony but rather provided it with the definition of harassment as a misdemeanor as provided in 9 GCA § 61.20.

Defendant also argues that this charge must be dismissed for insufficient evidence. Defendant asserts that the only evidences presented to the jury were the victim's allegations

that the Defendant would send her text messages and telephone her requesting her to agree to a level of relationship that the victim did not want. There was also evidence presented that Defendant communicated to victim his knowledge that she and her family had relocated.[1]

**II.**

On January 24, 2014, Defendant also filed a motion to dismiss his third charge, Harassment as a Misdemeanor. In support of this motion Defendant asserts that there was not any evidence presented to the grand jury that Defendant communicated any obscene language to the victim.

The People in their February 27, 2014 opposition, addressing Defendant first motion to dismiss, dispute Defendant's characterization of the facts as to the charge of family violence. They assert that evidence was presented to the grand jury that: 1) on December 11, 2012 Defendant called the victim and demanded that she meet him or the would drive his car into the building where Defendant worked; 2) Defendant's threat caused the victim to feel fear; 3) After agreeing to meet the Defendant when the victim arrived at the designated location the Defendant revved his vehicle's engine and tried to hit the victim with his vehicle; and 4) the Defendant told victim "if I can't have you no one will" and that this comment caused the victim to feel fear.

**DISCUSSION**

**I. Motion to Dismiss**

---

[1] In his first motion Defendant also alleges that the instant charge arose out of the following facts: 1) on December 2012 he asserted that he would drive his car into the victim's place of employment; 2) he drove his car toward the victim and stopped in such a manner as to cause the victim to step to the right from uncertainty as to whether she would be hit; 3) on April 7, 2013 the victim saw Defendant following her as she drove home with her children and upon her inquiry Defendant said, "Fuck you bitch. You better meet me or I'll go to your house;" and 4) based upon Defendant's messages to her the victim was afraid he would follow her off island.

Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013 the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence was presented. *Id.*

In this case the Defendant first asserts that the People committed dismissible error by not properly instructing the grand jury as to the definition of harassment. This argument not supported by any rule or law nor is it analyzed under any recognizable standard. Furthemore Defendant's assertions of fact fail to cite to any reviewable record. Absent this Defendant's argument is not properly before the Court and it is accordingly denied. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35.

On August 6, 2013 a grand jury in its first and third charge found that, on or about December 11, 2012 Defendant stalked and harassed the victim. As to 3rd degree Felony

Stalking, Subsection 19.70(a) of Title 9 of the Guam Code provides that, "A person is guilty of simple stalking if he or she willfully, maliciously, and repeatedly, follows or harasses another person or who makes a credible threat with intent to place that person or a member of his or her immediate family in fear of death or bodily injury." As to Misdemeanor Harassment, Section 61.20(d) of Title 9 of the Guam Code provides,

> A person commits a petty misdemeanor if, with intent to harass another, he:
> (d) Every person who with intent to annoy, telephones, telefaxes, or communicates by use of any telephone network, data network, text message, instant message, computer, computer network, or computer system with another person and addresses to or about such other person any obscene language is guilty of a misdemeanor.

9 GCA § 61.20(d) (2013).

As set forth in *Quidichay*, the Court's statutory duty of review ends upon a showing of some evidence of the indicted charges. *Quidachay*, 1986 WL 68912 at *1-2. Under this standard the Court finds that Defendant's motions must be denied. The grand jury was presented some evidence of communications and threats by the Defendant. The Court upon reviewing this averred testimony, herein finds that under the above standard the indicted charges of stalking and harassment were presented to the grand jury in a manner compliant with Guam law. *Id.*

### CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss is DENIED. Further Proceedings are set for _April 29_ 2014 at _11:00_ m.

SO ORDERED, this _28_ day of _April_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

D. WOLFF
AG
Date: 4/28/14  Time: 10 AM

Deputy Clerk, Superior Court of Guam